| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| KENNETH BUHOLTZ, #18875-078 § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:15-CV-703 |
| § | CRIMINAL ACTION NO. 4:11-CR-135(1) |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM OPINION AND ORDER

In a motion for reconsideration (#39), *pro se* Movant Kenneth Buholtz asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

### I. MOTION FOR RECONSIDERATION

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final

judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

## II. DISCUSSION

The record shows that Movant pled guilty to transportation of minors for a sexual purpose. Movant received the benefit of a Fed. R. Crim. P. 11( c)(1)( C) agreement in which he agreed that the appropriate sentence is one hundred and twenty months. After Final Judgment issued in the underlying criminal case, the United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence on direct appeal. *United States v. Buholtz*, 562 F. App'x 213 (5th Cir. 2013). In the instant case, the United States Magistrate Judge recommended that Movant's § 2255 motion be denied and his case dismissed because the issues he raised were without merit (#29). Movant then raised a new claim for the first time in his objections to the Report and Recommendation (#36). As noted in the Order of Dismissal (#37), claims raised for the first time in objections need not be considered by a court. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (district court did not abuse its discretion in refusing to consider new issues filed without leave of the court after the Government filed its response).

In the instant motion for reconsideration (#39), Movant again attempts to have the Court consider the new claim that he first raised in his objections. He fails, however, to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case. *Schiller,* 342 F.3d at 567. Movant is simply attempting to take a

"second bite at the apple." *Sequa Corp.*, 156 F.3d at 144.  He fails to show he is entitled to relief from judgment.

### III.  CONCLUSION

It is therefore **ORDERED** that Movant's Motion for Reconsideration (#39) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 15th day of April, 2021.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE